NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL EVANS,

Plaintiff - Appellant,

v.

MULTNOMAH COUNTY; et al.,

Defendants - Appellees.

No. 10-35215

D.C. No. 3:07-cv-01532-BR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted July 10, 2012
Portland, Oregon

Before: GOODWIN, PREGERSON, and CHRISTEN, Circuit Judges.

Michael Evans appeals the district court's: (1) grant of partial summary

judgment in favor of Multnomah County on his battery claim stemming from the

actions of Sergeant Catherine Gorton; (2) grant of partial summary judgment in

favor of the County on his claim for malicious prosecution; (3) denial of Evans's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

motion for mistrial; (4) order sustaining the County's objection to Evans's proposed use of a rebuttal witness; and (5) denial of Evans's motion to amend the verdict form.[1]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We reverse and remand the district court's grant of partial summary judgment in favor of the County on the battery claim arising from Gorton's actions but affirm the remainder of the district court's rulings.

A. Facts

Evans was involved in a scuffle while he was being booked at the Multnomah County Detention Center ("MCDC"). When Sergeant Gorton saw several officers wrestling with Evans, she displayed a taser and informed Evans that she was going to use it if he did not stop resisting. Gorton shined the taser's aiming laser in Evans's eye and he stopped resisting.

That night, Deputy Richard Hathaway reported that Evans struck him in the nose during booking. He also reported that Evans would not follow directions during booking. The report triggered an internal disciplinary process in MCDC that resulted in Evans being subjected to a $5 fee. Hathaway later told Officer

---

[1]  Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

Hager that Evans hit him in the nose with his elbow during the scuffle. Hager cited Evans for assaulting a police officer but the district attorney ultimately dismissed that charge. Evans filed suit seeking damages for assault, battery, and malicious prosecution, among other claims.

B. Battery Claim

The district court granted partial summary judgment in favor of the County on his battery claim. It reasoned that because Gorton was aware the taser was not equipped with a cartridge at the time she pointed it at Evans, she lacked the intent to tase him.

Battery is an intentional tort that is a "voluntary act . . . intended to cause the resulting harmful or offensive contact." *Ballard v. City Albany*, 191 P.3d 679, 686–87 (Or. Ct. App. 2008) (internal citation omitted). For battery to occur, "[i]t is not necessary that there be direct contact between the tortfeasor and the injured person." *Friedrich v. Adesman*, 934 P.2d 587, 591 (Or. Ct. App. 1997). Here, the battery claim was premised on the theory that Gorton intended to shine the taser's aiming laser in Evans's eye. Evans argued that exposure to the laser caused a permanent impairment in his left field of vision and that this constituted a battery. On appeal, he argues the district court only considered whether Gorton intended to

3

tase him without considering whether shining the laser in his eye supported the battery claim.

The County argues on appeal that any error in dismissing the battery charge was harmless. It reasons that because the jury did not find Gorton's use of the taser was an assault, it could not have found that her use of the taser was a battery. We are not persuaded by the County's argument for two reasons. First, one can commit a battery without committing an assault because it is possible to intentionally cause a harmful or offensive touching without first putting the victim in fear or apprehension of such contact. *Ballard v. City of Albany*, 191 P.3d 679, 686–87 (Or. Ct. App. 2008) (defining battery); *Holbert v. Noon*, 260 P.3d 836, 846 (Or. Ct. App. 2011) (defining assault). Second, the County's argument assumes the jury decided Gorton lacked the intent to assault Evans. In fact, the verdict form did not require findings on each element of assault so we cannot be sure which element or elements of the claim were not shown to the jury's satisfaction.

The district court ruled on the question whether Gorton intended to tase Evans but we can find no ruling addressing whether shining the laser in his eye was a battery. We therefore reverse and remand the order dismissing the battery claim arising from Gorton's actions so the district court can rule on this theory.

### C. Malicious Prosecution

The district court ruled that Evans was not able to establish damages, one of the necessary elements of a malicious prosecution claim.

Oregon Revised Statute § 30.650 provides "[n]oneconomic damages, as defined in ORS 31.710, may not be awarded to an inmate in an action against a public body unless the inmate has established that the inmate suffered economic damages, as defined in ORS 31.710." Evans did not establish that the fee connected to the internal disciplinary action was the result of the state-court charge. The only connection between the two was that Evans's alleged assault of Deputy Hathaway provided the underlying basis for both actions. We see no error in the district court's ruling.

Evans argues for the first time on appeal that he suffered $150,000 in damages as a result of the charge that he assaulted Deputy Hathaway. But there was no evidence of the alleged $150,000 loss, or any other issue of material fact regarding damages, before the district court. Because Evans did not raise a triable issue of fact as to damages, we affirm the district court's dismissal of his malicious prosecution claim.

### D.  Motion for Mistrial Based on Atherton's Testimony

Evans moved for mistrial after Eugene Atherton, an expert witness for the County, testified that use of the taser was reasonable. This court reviews the

district court's denial of a motion for mistrial for abuse of discretion. *United States v. Dorsey*, 677 F.3d 944, 954–55 (9th Cir. 2012). We may reverse the denial of this motion for mistrial only if, viewing Atherton's testimony in the context of the entire trial, it is more probable than not that it materially affected the verdict. *Id.* at 954.

In response to a motion in limine challenging Atherton's qualifications, County counsel agreed he would not ask Atherton about the reasonableness of the use of the taser. The County represented that Atherton's testimony would be limited to the observation that use of the taser was a tactic that worked. But County counsel asked Atherton several questions about use of the taser during trial, and Atherton opined that the use of the taser would have been appropriate at the outset of the scuffle in the booking area. Evans unsuccessfully moved for a mistrial. He appeals the denial of this motion.

First and foremost, we agree with the district court that Atherton's testimony relating to the objective reasonableness of the use of the taser did not materially affect the verdict. The question whether it was objectively reasonable to use the taser was relevant to the County's justification defense. But because the jury did not find that Gorton assaulted Evans, it did not reach the question whether use of the taser was justified.

6

We also conclude that Atherton's testimony did not prejudice Evans. Evans's expert, Webb, testified that the officers' best option under the circumstances was the taser. Webb also testified that when a person is not controlled, a taser in drive stun mode is very effective. Because the jury had already heard Webb's testimony, the district court did not err in concluding that Evans was not prejudiced by Atherton's testimony. *See id.* at 955.

Finally, we note the district court instructed the jury to disregard Atherton's testimony on the reasonableness of the use of the taser. The strong presumption that jurors follow the court's instructions supports our conclusion that Atherton's comments probably did not materially affect the verdict. *Id.*

E.  Objection to Proposed Rebuttal Testimony

Evans also appeals the district court's ruling sustaining the County's objection to his proffered rebuttal testimony.

Evidentiary rulings are reviewed for an abuse of discretion. *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 601 (9th Cir. 1991). The district court has broad discretion to decide what constitutes proper rebuttal evidence. *Id.*

Evans offered Griffith's testimony to rebut Hathaway's testimony regarding the sequence of events that occurred during the scuffle in the booking area. The

7

district court sustained the County's objection to Griffith's rebuttal testimony on the basis that it would be cumulative of the testimony Evans presented in his case-in-chief. The district court did not abuse its discretion; Griffith testified to the sequence of events in his direct testimony and it appears his proffered rebuttal testimony would have been cumulative. *See* Fed. R. Evid. 403; *Gen. Signal Corp. v. MCI Telecomm. Corp.*, 66 F.3d 1500, 1510 (9th Cir. 1995).

On appeal, Evans focuses on a new argument: that his rebuttal evidence should have been permitted because a third expert's trial testimony differed from his written report. Generally, we do not consider arguments raised for the first time on appeal and Evans offers no persuasive reason for doing so here. *See AlohaCare v. Hawaii, Dept. of Human Servs.*, 572 F.3d 740, 744–45 (9th Cir. 2009). We affirm the district court's ruling excluding Griffith's rebuttal testimony.

F. Proposed Amendment to Verdict Form

Evans argues the district court abused its discretion when it did not amend the verdict form at his request.

Verdict forms are essentially instructions to the jury and they are reviewed for abuse of discretion. *See United States v. Reed*, 147 F.3d 1178, 1180 (9th Cir. 1998). "So long as the instructions fairly and adequately cover the issues

8

presented, the judge's formulation of those instructions . . . is a matter of discretion." *Id.*

The jury awarded Evans $250 on his excessive force claim against Hathaway and $250 on his battery claim against the County arising from the actions of Hathaway and Griffith. Evans argues on appeal that the verdict form was unnecessarily confusing and that it is highly probable the jury would have awarded Evans more money if the verdict form had a single blank line for the jury to award cumulative damages on the excessive force, assault, and battery claims, rather than separate blank lines for damages on each of these causes of action.

Evans did not provide authority to the district court in support of this argument, and he does not do so on appeal. Further, the district court had a sound basis for separating the sub-totals to be awarded, or not awarded, on the various tort claims. The defendants made two offers of judgment before trial and the district court expressed concern that if damages awards were lumped together on the special verdict form, the court might not be able to determine which party prevailed on the offers. *See* Fed. R. Civ. P. 68(d); 42 U.S.C. § 1988(b) (court may allow prevailing party in a § 1983 claim reasonable attorney's fees as part of costs).

We see no error in setting out separate damages sub-totals on the verdict form and Evans has not shown that this format prejudiced him. *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1110 (9th Cir. 2001). We conclude the district court did not abuse its discretion by declining to amend the special verdict form. *See Galdamez v. Potter*, 415 F.3d 1015, 1021 (9th Cir. 2005).

Each party to bear its own costs.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.**